United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mazzard Brandon McMillian, <br> Plaintiff, <br><br> v. <br><br> Colonel Patrick Riggins and others, <br> Defendants. | Civil Action No. 19-20684-Civ-Scola |

## Order Denying Motion to Set Aside Default

Defendant Patrick Riggins has repeatedly ignored this Court's orders and, since November 2019, has, until just recently, wholly failed to defend this action against him. He was ordered to file a notice regarding discovery by February 22, 2020 (ECF No. 33); he was ordered to file a pretrial statement by March 18, 2020 (ECF No. 24, 8.); and he was ordered to show cause why a default should not be entered against him by May 20, 2020 (ECF No. 45). He has done none of these things and the deadlines to do so have all long since passed. Despite these repeated failures to comply with the Court's orders and defend this action, Riggins now asks the Court to set aside the Clerk's default that has been entered against him. (Def.'s Mot., ECF No. 51.) The Court has reviewed Riggins's motion without awaiting a response from the Plaintiff.

In his motion, Riggins says his failure to "answer or appear at the hearing" was "due to not being properly served" and because he "was under the impression the attorney Chris Sutter was handling this case as he did with other defendants." (Def.'s Mot. at 1.) He also says he would like an opportunity to explain to the Court that the "allegations against [him] are not true" and that he "never submitted any documents on [the Plaintiff] pertaining to this incident." (*Id.*) He also states that he has "video evidence that will show [the Plaintiff] was in good health after being assess[ed] by medical staff." (*Id.*) Riggins's motion widely misses the mark.

"It is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible." *Creative Tile Marketing, Inc. v. SICIS Intern.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (J. Moore). And a court may set aside a clerk's default for good cause shown. Fed. R. Civ. P. 55(c); *see also Compania Interamericana Export– Import, S.A. v. Compania Dominicana de Avacion*, 88 F. 3d 948, 951 (11th Cir. 1996). "Good cause," in turn, "is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Id.* To determine whether good cause exists, the Court considers (1)

whether the default was culpable or willful; (2) whether setting it aside would prejudice the adversary; and (3) whether the defaulting party presents a meritorious defense. *Id.* Here, Riggins has not demonstrated that any of these factors weigh in his favor.

First, Riggins answered the complaint, pro se, on November 1, 2019. (Ans., ECF No. 21.) His claims, then, of improper service and a misunderstanding about attorney representation are wholly disingenuous. Next, Riggins's protestations about never having "submitted any documents on [the Plaintiff]" and his claim that he has "video evidence that will show [the Plaintiff] was in good health after being assess[ed] by medical staff" do not amount to showing he has a meritorious defense. (Def.'s Mot. at 1.) Nor does his summary assertion, devoid of any support, that the allegations against him are not true. Further, Riggins makes no attempt to show that the Plaintiff will not be prejudiced if the Court sets aside the default. Most importantly, however, Riggins offers nothing to show that his failure to either comply with the Court's orders or to participate in this case since November 2019 was not "an intentional or reckless disregard for the judicial proceedings" before this Court. *Compania Dominicana de Aviacion*, 88 F.3d at 951–52. Since the Court finds Riggins has willfully defaulted, "by displaying," at a minimum, "a reckless disregard for the judicial proceedings, the court need make no other findings in denying relief." *Id.* Riggins has been given "ample opportunity to comply with court orders," but has failed to make any effort to do so. *Id.* at 952.

The Court directs the Clerk to **mail** a copy of this order to the pro se litigants at the addresses indicated below. Further, the Court notes this case was administratively closed on March 16, 2019. (ECF No. 8.) It should have been reopened upon the determination that the Plaintiff stated a viable claim upon which relief can be granted. Since the Plaintiff has done so, the Court directs the Clerk to administratively **reopen** this case.

The Court extends the deadline for the Plaintiff to file his motion for default judgment, as set forth in the Court's order on default judgment procedure (ECF No. 49), until **June 20, 2020**. The Plaintiff is reminded that his failure to comply with this deadline will result in a dismissal of his case as to Defendant Riggins.

**Done and Ordered** in chambers, at Miami, Florida, on June 4, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
**Patrick Riggins**

5454 NW Briscoe Drive
Port St. Lucie, FL 34986

**Mazzard Brandon McMillian**

#57933

Dade Correctional Institution

Inmate Mail/Parcels

19000 SW 377th Street

Florida City, FL 33034