United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mazzard Brandon McMillan, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 19-20684-Civ-Scola |
| Colonel Patrick Riggins and others, Defendants. | ) ) ) |

**Order Granting Motion for Default Judgment in Part
and Setting Hearing as to Damages**

Plaintiff Mazzard Brandon McMillan, a prisoner proceeding pro se, alleges, in his amended complaint, that Defendant Patrick Riggins, a prison officer, unlawfully pepper sprayed him and then falsified a disciplinary report to cover up his use of excessive force.[1] (Am. Compl., ECF No. 9.) Previously, the Clerk of the Court entered a default against Riggins under Rule 55(a). (ECF No. 48.) McMillan has now moved for a default judgment under Federal Rule of Civil Procedure 55(b)(2). (Pl.'s Mot., ECF No. 56.) Riggins, also proceeding pro se, has responded, arguing the Court should deny McMillan's motion because (1) he was never served; (2) McMillan's claims against him fail on the merits; and (3) McMillan's damage request of $250,000 is unsupported. After careful review, the Court finds McMillan is entitled to a default judgment as to liability regarding his excessive force claim against Defendant Patrick Leon Riggins and sets a hearing to determine the amount of damages that should be awarded. The Court thus **grants in part and defers in part** McMillan's motion for default judgment (**ECF No. 56**).

1. **Background**

On July 27, 2017, while confined at the Everglades Correctional Institution, in Miami, Florida, McMillan and several other inmates were found inside the wrong dormitory during prison count. Once discovered, they were escorted to confinement. After arriving to the confinement area, Riggins demanded that the inmates all get on the ground. McMillan complied, did not resist, and held his hands behind his back. Despite his compliance, Riggins pepper sprayed McMillan in his face and eyes. Afterwards, another officer helped Riggins drag McMillan from the confinement area outside, to some grass and then to a shower. After the shower, McMillan complained that he had

---

[1] The Court dismissed McMillan's claims against the Florida Department of Corrections (ECF No. 15) and, later, McMillan dismissed his claims against Herin after reaching a settlement agreement. (ECF No. 39.)

trouble seeing and breathing. His complaints were ignored and he was placed inside his cell. McMillan says the spray burned his eyes, resulted in the loss of his 20/20 vision (requiring him to now wear special glasses), caused skin irritation on his face, resulted in complications with his asthma, and lead to his suffering from "major stress."

The next day, McMillan was served with disciplinary papers, based on a false report submitted by Riggins. In the report, Riggins alleged McMillan incited a riot and disorder at the facility. Riggins also said, in the report, McMillan failed to comply with verbal orders to get on the ground. Immediately after being presented with the report, McMillan was transferred to Suwanee Correctional Institution. McMillan was never found guilty of Riggins's allegations. After an investigation into the incident, Riggins was terminated from his position at the prison and brought up on criminal charges.[2]

## 2. Legal Standard

Federal Rule of Civil Procedure 55(b)(2) authorizes a court to enter default judgment against a defendant who fails to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," as set forth in the operative complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009). "The effect of a default judgment is that the defendant admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by entry by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (cleaned up).[3]

A court must review the sufficiency of the complaint before determining whether a moving party is entitled to default judgment pursuant to Rule 55(b). See *United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206) (5th Cir. 1975)). "While a complaint . . . does not need detailed factual allegations," a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of

---

[2] According to documents McMillan attached to his motion for default judgment, Riggins was charged by the state with falsifying an official record and with battery on an inmate. (Info., ECF No. 56, 40–43.) It appears Riggins pleaded guilty to the battery charge and the falsification charge was dropped. (Plea Agmt., ECF No. 56. 45.)

[3] The Court uses (cleaned up) to indicate internal quotation marks, alterations, or citations have been omitted from quotations. *See, e.g., Durham v. Rural/Metro Corp.*, 955 F.3d 1279, 1285 (11th Cir. 2020).

a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up).

If the admitted facts are sufficient to establish liability, the Court must then ascertain the appropriate amount of damages and enter final judgment in that amount. See *Nishimatsu*, 515 F.2d at 1206; *see also PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004) (Cohn, J.). In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). Damages not so established cannot be awarded without either "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *Coors*, 777 F.2d at 1543–44 ("Damages may be awarded only if the record adequately reflects the basis for award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'") (quoting *United Artists Corp.*, 605 F.2d at 857); *see also Henry v. Sneiders*, 490 F.2d 315, 318 (9th Cir. 1974) ("[T]he Seventh Amendment right to trial by jury does not survive a default judgment.")

### 3. Analysis

#### A. Liability

After reviewing the complaint, the Court finds McMillan's motion due to be granted, as to liability, with respect to his excessive force claim. To begin with, in order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). Here, McMillan alleges Riggins (1) violated the Eighth Amendment by using excessive force against him and (2) violated his due process rights by filing a falsified disciplinary report against him.

"Under the Eighth Amendment, force is deemed legitimate in a custodial setting as long as it is 'applied in a good faith effort to maintain or restore discipline and not maliciously and sadistically for the very purpose of causing harm.'" *Stallworth v. Tyson*, 578 F. App'x 948, 952 (11th Cir. 2014) (cleaned up) (quoting *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 (1986)). "Correctional officers in a prison setting can use pepper spray on an inmate, but there must be a valid penological reason for such a use of force." *Williams v. Rickman*, 759 F. App'x 849, 851 (11th Cir. 2019). Based on the allegations in the complaint,

deemed admitted as a result of Riggins's default, McMillan has set forth the elements necessary to establish his Eighth Amendment claim: he alleges Riggins pepper sprayed him while he was on the ground, not resisting; he maintains there was no penological reason for the use of the pepper spray since he was neither resisting nor a threat to any of the officers, staff, or other inmates; and he maintains he has sustained permanent loss of vision. Riggins's dispute of McMillan's version of the facts regarding the excessive force claim, in his response, misses the mark. Riggins, "by his default, admits the plaintiff's well-pleaded allegations of fact." *Eagle*, 561 F.3d at 1307. Accordingly, McMillan is entitled to a default judgment, as to liability, on this claim.

Conversely, McMillan has failed to set forth a viable claim based on his allegations Riggins falsified a disciplinary report against him in order to cover up his use of excessive force. Assuming McMillan intended to allege a procedural due process claim, he must establish "the state refused to provide a process sufficient to remedy the procedural deprivation." *McKinney v. Pate*, 20 F.3d 1550, 1557 (11th Cir. 1994). "A frivolous or even a patently false report, standing alone, does not violate any constitutional right." *Stanberry v. Powell*, 219CV00526ACAJEO, 2019 WL 3451383, at *5 (N.D. Ala. May 8, 2019), *rep. and rec. adopted*, 219CV00526ACAJEO, 2019 WL 3429490 (N.D. Ala. July 30, 2019); *see also Palmisano v. Bureau of Prisons,* 258 F. App'x 646, 648 (5th Cir. 2007) (finding the plaintiff's "assertion that defendants brought false charges against him does not alone implicate his constitutional rights"); *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (neither falsity of charges nor impropriety of individuals' participation in grievance procedures states a constitutional claim); *Freeman v. Rideout*, 808 F.2d 949, 951 (2nd Cir. 1986) (prison inmate has no constitutionally guaranteed right against being falsely accused). Because McMillan acknowledges he was never found guilty of Riggins's allegations against him, he cannot sustain a due process claim with respect to the report. Further, being sent to "close management" as a result of the falsified report does not amount to the deprivation of a constitutionally protected interest. *See Sandin v. Conner,* 515 U.S. 472, 486 (1995) (concluding that thirty days of disciplinary confinement did not give rise to a protected liberty interest); *Rodgers v. Singletary,* 142 F.3d 1252, 1253 (11th Cir.1998) (concluding two months in administrative confinement did not constitute a deprivation of a constitutionally protected liberty interest). Furthermore, in his motion, McMillan does not, in any event, seek a default judgment on the basis of the falsified report.

Accordingly, the Court finds McMillan is entitled to a default judgment, as to liability, with respect to his excessive force claim against Riggins but not as to his claim regarding the falsified report.

### B. Damages

In his motion, McMillan asks the Court to award him $250,000 because he "feels that the damage done to his eyes by the defendants requires this amount for restitution and repair surgery to his vision." (Pl.'s Mot. at 1.) The Court agrees with Riggins that this is insufficient. In issuing a default judgment, a court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Coors*, 777 F.2d at 1544). The $250,000 McMillan seeks is neither a liquidated amount nor susceptible of mathematical computation and therefore must be established by proof. *See Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974) ("While a default judgment constitutes an admission of liability, the quantum of damages remains to be established by proof unless the amount is liquidated or susceptible of mathematical computation.") Accordingly, the Court will set a hearing so that it can properly determine the amount of damages McMillan is entitled to.

### C. Service of Process

In opposing McMillan's motion, Riggins maintains the Court should not enter a default judgment against him because he was never properly served. The Court previously addressed Riggins's objections regarding service in denying his motion to set aside the Clerk's default. (Order, ECF No. 52.) Again, Riggins's position regarding proper service falls flat. Riggins answered the complaint, pro se, on November 1, 2019, never asserting a defense of insufficient service of process. (Ans., ECF No. 21.) His claims, then, of improper service and a misunderstanding about attorney representation are wholly disingenuous and unavailing. *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Investments*, 553 F.3d 1351, 1360 (11th Cir. 2008) ("Under Rule 12, a defendant must raise any challenge to the sufficiency of service of process in the first response to the plaintiff's complaint; i.e., the defendant must include the defense in either its pre-answer motion to dismiss, or if no pre-answer motion is filed, then the defense must be included in the defendant's answer.").

### 4. Conclusion

As set forth above, the Court grants default judgment in McMillan's favor as to Riggins's liability for his use of excessive force. The Court defers ruling

however, on that aspect of McMillan's motion that asks the Court to award $250,000 in damages: McMillan has not submitted detailed affidavits establishing the facts necessary to support such an award. Accordingly, the Court **grants in part and defers in part** McMillan's motion for default judgment (**ECF No. 56**).

In order to determine the amount of damages, the Court **sets a hearing** for **September 14, 2020 at 1:30 p.m.** The Court will set aside one hour for this hearing.

Due to the pandemic, the parties may not appear for the hearing in person. Instead, the hearing will be conducted via videoconferencing, assuming arrangements can be facilitated through Dade Correctional Institution. If not, the hearing will be conducted via teleconference. The Court will issue a separate order regarding specific instructions for participating in the hearing, whether by video- or teleconference.

If McMillan fails to make arrangements to participate, the Court may dismiss his case.

The Court directs the Clerk to **mail** a copy of this order to the pro se litigants at the addresses indicated below.

**Done and Ordered** in chambers, at Miami, Florida, on July 20, 2020.

Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
**Patrick Riggins**
5454 NW Briscoe Drive
Port St. Lucie, FL 34986

**Mazzard Brandon McMillian**
#57933
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034