United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Mazzard Brandon McMillian, Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 19-20684-Civ-Scola |
| Colonel Patrick Riggins and others, Defendants. | ) ) ) ) |

**Order Granting Damages**

Plaintiff Mazzard Brandon McMillian, a prisoner proceeding pro se, alleges, in his amended complaint, that Defendant Patrick Riggins, a prison officer, unlawfully pepper sprayed him and then falsified a disciplinary report to cover up his use of excessive force.[1] (Am. Compl., ECF No. 9.) Previously, after the Clerk of the Court entered a default against Riggins under Rule 55(a) (ECF No. 48), the Court granted McMillian's motion for default judgment, in part, as to liability (Court's Order, ECF No. 60). Because McMillian had not submitted evidence to support his request that the Court award him $250,000 in damages, the Court set an evidentiary hearing to determine the amount of damages McMillian is entitled to. Due to the COVID-19 pandemic, this hearing took place via videoconferencing on September 14, 2020, and both McMillian and Riggins, each proceeding pro se, appeared. McMillian and Riggins were the only witnesses who testified. After considering the evidence presented at this hearing, the Court **grants, in part**, that portion of McMillian's motion for default judgment that was deferred (**ECF No. 56**) and **awards $5,000** in compensatory damages to McMillian and against Riggins.

1. **Background**

While confined at the Everglades Correctional Institution, McMillian and several other inmates were escorted to confinement after being found inside the wrong dormitory during a prison count. Riggins demanded that the inmates all get on the ground. McMillian complied with orders, did not resist, and held his hands behind his back. Despite his compliance, Riggins pepper sprayed McMillian. Afterwards, Riggins and another officer dragged McMillian from the confinement area outside, to some grass and then to a shower. McMillian complained that he had trouble seeing and breathing. His complaints were

---

[1] The Court dismissed McMillian's claims against the Florida Department of Corrections (ECF No. 15) and, later, McMillian dismissed his claims against Assistant Warden Herin after reaching a settlement agreement. (ECF No. 39.)

ignored, and he was placed inside his cell. McMillian claims the spray burned his eyes, resulting in loss of his 20/20 vision, caused skin irritation on his face, resulted in complications with his asthma, and lead to his suffering from "major stress." After an investigation into the incident, Riggins was terminated from his position at the prison and brought up on criminal charges.[2]

## 2. Legal Standard

After a court determines that a default judgment should be entered, it must determine the amount of the recovery that should be awarded. *See PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F. Supp. 2d 1213, 1216 (S.D. Fla. 2004) (Cohn, J.). A court may award damages "without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation," as long as "all essential evidence is already of record." *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (quoting *Coors*, 777 F.2d at 1544). Without a factual basis in the record, however, federal law "requires a judicial determination of damages" and a court "has an obligation to assure that there is a legitimate basis for any damage award it enters." *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir.2003); *Adolf Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (finding that "a judgment of default awarding cash damages could not properly be entered without a hearing, unless the amount claimed is a liquidated sum or one capable of mathematical calculation").

Under § 1983, a plaintiff's inability to prove out-of-pocket loss or monetary harm does not bar a claim for compensatory damages. *Nimmons v. Clark*, No. 1:13–CV–03786, 2015 WL 1191210, slip op. at 3 (N.D. Ga. Mar. 16, 2015) ("A federal court may award monetary damages, under Section 1983, for pain and suffering even if the plaintiff cannot present evidence of out-of-pocket loss or monetary harm.") (citations omitted). Further, a plaintiff "may be awarded compensatory damages based on demonstrated mental and emotional distress, impairment of reputation and personal humiliation." *Slicker v. Jackson*, 215 F.3d 1225, 1230 (11th Cir. 2000); *Wright v. Sheppard*, 919 F.2d 665, 669 (11th Cir. 1990) (holding that "non-physical injuries such as humiliation, emotional distress, mental anguish, and suffering" are compensable under § 1983).

---

[2] According to documents McMillian attached to his motion for default judgment, Riggins was charged by the state with falsifying an official record and with battery on an inmate. (Info., ECF No. 56, 40–43.) It appears Riggins pleaded guilty to the battery charge and the falsification charge was dropped. (Plea Agmt., ECF No. 56. 45.)

### 3. Discussion

McMillian seeks $250,000 for his injuries, particularly for the decline in his vision and the cost of restorative surgery in the future. At the hearing, McMillian testified, credibly, to the shock, agony, fear, and distress Riggins inflicted on him when Riggins, unprovoked, pepper sprayed McMillian at close range. Based on this testimony, the Court finds McMillian is entitled to $5,000 in compensatory damages for the pain and suffering he experienced when Riggins pepper sprayed him in the face, despite McMillian's lack of resistance.

On the other hand, the Court finds McMillian failed to carry his burden of establishing that the pepper spray medically caused his alleged diminished vision, sensitivity to light, aggravation to his existing asthma, or major stress disorder. *See Wingster v. Head*, 318 Fed. Appx. 809, 815 (11th Cir. 2009) (noting that temporal proximity between head trauma and an aneurysm did not alone show causation and instead "present[ed] a technical and scientific issue that require[d] the specialized knowledge of an expert medical witness"); *Abbott v. Elwood Staffing Servs., Inc.*, No. 12 C 2244, 2014 WL 3809808, at *8 (N.D. Ala. July 31, 2014) (holding that a lay opinion regarding medical causation was inadmissible expert testimony). Further, McMillian did not present credible evidence that his vision was indeed "20/20" before the incident, that he has been diagnosed with a major stress disorder, or even that his asthma has, in fact, worsened. Accordingly, McMillian's damages are limited to the pain and suffering he testified to.

### 4. Conclusion

In sum, as set forth above, the Court **grants, in part,** the deferred portion of McMillian's motion for default (**ECF No. 56**) and **awards** him **$5,000** in compensatory damages, against Riggins.

The entry of a final judgment will follow this order. In the meantime, the Court directs the Clerk to **close** this case and deny any pending motions as moot.

Lastly, the Court directs the Clerk to **mail** a copy of this order to the pro se litigants at the addresses indicated below.

**Done and ordered** at Miami, Florida, on September 16, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copies via U.S. mail to:*
**Patrick Riggins**
5454 NW Briscoe Drive

Port St. Lucie, FL 34986

**Mazzard Brandon McMillian**
#57933
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034